LÓPEZ, PETITIONER AND APPELLANT, *v.* INSULAR POLICE COMMISSION, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan in Mandamus Proceedings.

No. 2601.—Decided June 15, 1922.

MANDAMUS—INSULAR POLICE COMMISSION—PARTIES.—Service of a writ of mandamus addressed to the Insular Police Commission need not be made upon the Governor or the Attorney General of Porto Rico.

ID.—ID.—COSTS.—In this case it was *held:* That the defendant, the Insular Police Commission, was not under obligation to pay the costs to which Act No. 17 of 1915 refers.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*The Attorney General* and *Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan López Acevedo filed in the First District Court of San Juan a petition for a writ of mandamus addressed to the Insular Police Commission, composed of the persons therein named, to compel the said Commission to reinstate him as a policeman, alleging that he had been unlawfully deprived of that position.

The writ was issued and on the day set for the hearing the Commission, by its counsel, the Acting Attorney General of Porto Rico, made a motion to quash the summons and, without prejudice to that motion, filed a motion to strike, a demurrer and an answer. The motion to. quash was argued and the court sustained it and, consequently, denied the petition. The motion to quash was based on the contention that as the respondent Commission was an official board or organism of The People of Porto Rico, the mandamus proceeding should be understood as an action against The People of Porto Rico and that, therefore, it was necessary to summon the Governor and the Attorney General, a requisite with which the petitioner had not complied.

The petitioner appealed and in his brief assigned two errors, as follows: That the court erred in not granting a peremptory writ of mandamus, and that it erred in sustaining the motion to quash.

1. In arguing the first assignment of error the appellant cited sections 8, 9 and 10 of the Act to establish the writ of mandamus of 1903, which determine the procedure to be followed in such cases. Section 9 provides that ''If no answer be made, a peremptory mandamus must be allowed against the defendant,'' and the appellant contends that the court should have complied with this statute, inasmuch as no answer was filed in this case, for although the said motions and pleadings were filed, no stamps were affixed to them and they should be considered as null and void by express mandate of the law.

Section 6 of Act No. 17 of 1915, regulating the collection of fees and costs in civil cases, reads as follows:

"That each and every document or instrument required by this Act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto."

Does the law require that the motion ruled on by the court should have had any internal revenue stamp affixed to it? The only parts of the schedule of fees applicable to this case are those contained in items M and N of section 2 of of the law, as follows:

"M. For each petition in extraordinary proceedings, $3.00.

"N. For every opposition of any party in extraordinary proceedings, $2.00."

It is not without some doubt that we hold that the said motion is included within the said item N. It seems that the intention of the law is that the fee prescribed shall be paid by the opposing party when he appears for the first time in any manner and for whatever purpose.

Counsel for the Commission does not discuss this point. He contends that "If The People of Porto Rico is exempt from the payment of fees and the respondent-appellee in this case, the Insular Police Commission, forms a part and is an entity of The People of Porto Rico, it is clear that the Costs Act can not be applied to it, as that would be to apply it indirectly to one who under the law is exempt from the payment of such fees."

The reasoning of counsel is logical. This case does not involve the imposition of costs by virtue of a judgment, but the previous payment of certain fees by means of stamps purchased from The People of Porto Rico.

The appellant cites the decision of this Court in the case of *Nazario* v. *Santos, Municipal Judge,* 27 P. R. R. 83, in which we said:

"Taken as a whole, the act fails to show that any section thereof exempts public officials from the payment of fees prescribed when they are parties to civil proceedings in cases like the present. The interested party has not cited, as it was his duty to do, any statute providing for such exemption or any particular decision applicable to the case. Therefore we must sustain the appellee, because the notice of appeal being 'null and void,' it has no legal existence."

Although it can not be denied that the case cited has points of contact with the present case, it is neither equal nor similar to it. In the *Nazario Case* the government official acted individually. In this case a public commission has been compelled to appear. The language of the opinion in the *Nazario Case* indicates clearly that what was there said referred only to that case or to others equal or similar.

2. Is this really an action against The People of Porto Rico? The proceedings were instituted against the Insular Police Commission, a duly constituted organism, because of an act done within the scope of its authority. The Commission was formally summoned and appeared in court on the day designated and filed, among other documents, its answer. We think that this is not a case in which it was necessary to summon the Governor and the Attorney General, in accordance with the law as construed by this court in the case of *Saurí & Subirá* v. *Sepúlveda*, 25 P. R. R. 224. The suit is between the petitioner and the Commission. Any judgment that may be rendered will produce no effects beyond the two parties.

This being so, the court erred in sustaining the motion and, therefore, the order appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.